# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

QUEEN E. PARKER, *as*  )
*administrator for the estate of Carey*  )
*Lee Parker, Jr.*,  )
 )
    Plaintiff,  )
 )
v.  )    Case No. CV408-210
 )
UNITED STATES OF AMERICA,  )
 )
    Defendant.  )

## **REPORT AND RECOMMENDATION**

The United States moves, under Fed. R.Civ.P. 12(b)(1), to dismiss this Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*) case for lack of subject-matter jurisdiction. (Docs. 8 & 9.) Plaintiff Queen Parker has not responded to the motion, so it is deemed unopposed. *See* L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

"A defendant may attack subject matter jurisdiction in two different ways--facially and factually." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (cite and quotes omitted). "Facial" and "factual" attack distinctions alter the way courts can evaluate allegations in a case. If a

defendant simply challenges the jurisdictional allegations on their face (e.g., that the plaintiff has failed to allege diversity of citizenship in a diversity jurisdiction case), that constitutes a facial attack and the court accepts the allegations as true when ruling on the motion. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237-38 (11th Cir. 2002); *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1305-06 (M.D. Fla. 2006).

But where a defendant contests the facts supporting a jurisdictional allegation (e.g., that the parties in fact are not actually diverse), he raises a factual attack. In that case a "district judge ... may examine the evidence to the contrary and reach his or her own conclusion on the matter." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1350 (2008). In fact, "[t]he district court, not a jury, must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, including resolving any issues of fact, and decide the subject matter jurisdiction, although the judge has discretion to impanel a jury or refer the question to a master." *Id.* Indeed, even limited discovery may be pursued. *Id.*

Here, defendant presents a classic factual attack, contending that

plaintiff failed to file her wrongful death suit (doc. 1) within the time period set forth in the FTCA. (Doc. 9 at 4.) Since such a claim does not implicate an element of plaintiff's cause of action, the Court need not treat the 12(b)(1) motion as a motion to dismiss made under Fed. R. Civ. P. 12(b)(6) or a motion for summary judgment under Fed. R. Civ. P. 56. *Ivey v. United States*, 873 F. Supp. 663, 668 (N.D. Ga. 1995)(citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Instead, the Court need only turn to the record to determine whether plaintiff complied with the statutory prerequisites for instituting a civil action under the FTCA.[1]

The doctrine of sovereign immunity shields the United States from suit absent its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA waives sovereign immunity and makes the United States liable in tort for the negligent or wrongful conduct of its employees acting

---

[1] The Court recognizes that *pro se* litigants are generally entitled to fair notice of their opportunity to develop a record when the resolution of a motion to dismiss looks beyond the pleadings to a factual record. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (on unenumerated 12(b) motion, "the court must assure that [plaintiff] has fair notice of his opportunity to develop a record"); *cf. Moore v. Florida*, 703 F.2d 516, 521 (11th Cir. 1983) ("Before a motion for summary judgment is granted, the pro se plaintiff must be advised of his right to file counteraffidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in the entry of summary judgment against him." ). Here, however, plaintiff has not responded at all, so the Court presumes that she has, in effect, conceded.

within the scope of their office or employment. *See* 28 U.S.C. § 2671, *et seq*.
But the FTCA bars such an action unless the claim is filed within six
months following its administrative exhaustion before the "appropriate
Federal agency." 28 U.S.C. § 2401(b). That is,

> [a] tort claim against the United States shall be forever barred
> . . . unless action is begun within six months after the date of
> mailing, by certified or registered mail, of notice of final denial
> of the claim by the agency to which it was presented.

*Id.* Since the United States is immune from suit in tort except to the extent
that it consents to be sued, it has long been recognized that § 2401(b)
timeliness is a jurisdictional prerequisite for the filing of an FTCA action.
*Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001); *see McNeil
v. United States*, 508 U.S. 106, 111-113 (1980); *contra Hughes v. United
States*, 263 F.3d 272, 278 (3d Cir. 2001) ("the FTCA's statute of limitations
is not jurisdictional" so principles of summary judgment should be applied
in resolving the claim).

Here, Parker presented the claim before the VA Regional Counsel, the
appropriate Federal agency in this instance, on October 4, 2006. (Doc. 9 at
2; Gov't Ex. A.) The VA denied the claim on July 23, 2007 (Gov't Ex. B),
but Parker did not file suit in this Court until November 3, 2008, well over

4

six months after the denial. (Doc. 1.) She did, however, file a motion for reconsideration before the VA Regional Counsel on January 25, 2008. (Gov't Ex. E ¶ 4.)

Under 28 C.F.R. § 14.9(b), "[p]rior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant . . . may file a written request with the agency for reconsideration of a final denial of a claim. . . ." Doing so tolls the six-month period for filing suit until the agency grants or denies the claim or six months pass with no action taken by the agency. 28 C.F.R. § 14.9(b); *Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994); *Gervais ex rel. Bremer v. United States*, 865 F.2d 196, 197 (9th Cir. 1988); *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988); *Estate of Carr ex rel. Carr v. United States*, 482 F. Supp. 2d 842, 848-49 (W.D. Tex. 2007); *see Spencer v. U.S. Postal Serv.*, 2007 WL 2566031 (N.D. Fla. Aug. 31, 2007) (unpublished) (applying similar provision applicable to claims against the Postal Service).

The VA mailed its initial rejection on July 23, 2007 (Gov't Exs. B, C, E), which started the six-month clock running. *Anderberg v. United States*,

718 F.2d 976, 976-77 (10th Cir. 1983) (six-month period to either file suit or request reconsideration runs from date of mailing of notice of denial of claim); *Lightfoot v. United States*, 2008 WL 862757 at *3 (E.D. Pa. Mar. 31, 2008) (unpublished) (same); *see* 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(b). Applying Fed. R. Civ. P. 6(a), the period expired on Thursday January 23, 2008, the six-month "anniversary" of the claim's denial. *See Maahs v. United States*, 840 F.2d 863, 865-66 (11th Cir. 1988). Any reconsideration request must have been *received* by the Federal agency by that date. *Anderberg*, 718 F.2d at 977; *Gervais ex rel. Bremner*, 865 F.2d at 197-98; *Berti*, 860 F.2d at 340; *Stewart v. U.S. Veterans Admin*, 722 F. Supp. 406, 408 (W.D. Tenn. 1989); *Lightfoot*, 2008 WL 862757 at *4; *cf. Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1198 n.1 ("The date the claim was actually received by the Navy constitutes the effective filing date, not the date on which it was dated or mailed.").[2] Parker's request was not received until January 25, 2008. (Gov't Ex. E.[3]) Since her request for

---

[2] Fed. R. Civ. P. 6(e)'s provision of an additional three days to certain time periods does not apply to limitations periods calculated under the FTCA. *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975); *Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985).

[3] The request for reconsideration was stamped "received" on January 29, 2008 (Gov't Ex. F), but that is the date that it was opened, not the date that it was received

reconsideration was untimely, the six-month limitations period under 28 U.S.C. § 2401(b) was not tolled. The Court thus lacks jurisdiction over this case, and it should be **DISMISSED**.[4]

**SO REPORTED AND RECOMMENDED** this __31st__ day of March, 2009.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

in the VA Central Office mail room. (Gov't Ex. E (Kathryn Simpson's declaration under penalty of perjury).)

[4] Additionally, the Court perceives no non-frivolous issues to raise on appeal, so an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**. 28 U.S.C. § 1915(a)(3).